IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ADVANCED CUSTOM BUILDERS, | ) | |
| L.L.C., | ) | Bankruptcy No. 09-02864 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| JEFFREY J. NOACK, | ) | |
| SHELLEY L. NOACK, | ) | Bankruptcy No. 10-00124 |
| | ) | |
| Debtors. | ) | |

| | | |
|---|---|---|
| DAVID J. SCHARNHORST, | ) | |
| ELIZABETH L. SCHARNHORST, | ) | Adversary No. 10-09081 |
| Plaintiffs, | ) | 10-09082 |
| | ) | |
| vs. | ) | |
| | ) | |
| ADVANCED CUSTOM BUILDERS, | ) | |
| L.L.C. and JEFFREY J. NOACK, | ) | |
| Defendants. | ) | |

**ORDER RE MOTION FOR ORDER NUNC PRO TUNC**

This matter came before the undersigned on September 9, 2011 for telephonic hearing. Attorney John D. Freund appeared for Plaintiffs David and Elizabeth Scharnhorst. Attorney Francis Wm. Henkels appeared for Debtors/Defendants Advanced Custom Builders, L.L.C. and Jeffrey Noack. After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

This Court entered a ruling and judgment on August 16, 2011 on the Complaint to Avoid Discharge. The ruling states, in pertinent part:

> In summary, total damages for Debtors' breach of contract is the amount of $242,379.21. A portion of those damages is excepted from Debtor Jeffrey Noack's discharge under § 523(a)(2)(A) for fraudulent misrepresentations, in the amount of $133,519.58. The remainder is not excepted from Mr. Noack's discharge.

"Order re: Complaint to Avoid Discharge," Doc. 27, Adv. No. 10-09081, at p. 10.

Plaintiff's Motion for Order Nunc Pro Tunc states the judgment does not contain any information regarding interest or attorney fees. They seek interest at 18% per annum as set out in the construction contract drafted by Defendants, beginning on the date of filing the adversary complaints. They also propose including "attorney fees proven to be $22,130.45 and ongoing attorney fees" in the judgments against both Advanced Custom Builders and Jeffrey Noack.

## ATTORNEY FEES

In the ruling, the Court accepted "Plaintiffs' estimation of damages in the total amount of $242,379.21 for Debtors' breach of contract." Id. at 9. The calculation of this amount is found in the first paragraph of page 5 of the ruling, and includes attorney fees of $22,130. Thus, the damages awarded against Debtor Advanced Custom Builders for breach of contract includes the attorney fees as calculated by Plaintiffs. In contrast, the amount awarded against Debtor Jeffrey Noack and excepted from discharge under § 523(a)(2)(A) was calculated based on the amount of mechanics liens that arose as the result of his misrepresentations to Plaintiffs regarding payments to subcontractors. This judgment does not include attorney fees. Plaintiffs have cited no authority which would allow the Court to award attorney fees for the § 523(a)(2)(A) claim or future attorney fees.

2

**INTEREST**

Under 28 U.S.C. § 1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court." This statute applies to bankruptcy proceedings because the bankruptcy court is part of the district court. In re Pester Refining Co., 964 F.2d 842, 849 (8th Cir. 1992). It "entitles the prevailing plaintiff to post-judgment interest at the rate fixed in the statute, whether or not the party requests post-judgment interest in the complaint." Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc., 532 F.3d 1063, 1085 (10th Cir. 2008). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The parties may agree upon a different post-judgment interest rate, but must express such intent clearly and unambiguously. In re Riebesell, 586 F.3d 782, 794 (10th Cir. 2009). A prevailing party in bankruptcy court is automatically entitled to post-judgment interest regardless of whether it is referenced in the court's order. In re Keefe, 401 B.R. 520, 526 (B.A.P. 1st Cir. 2009).

Neither federal nor bankruptcy statutes contain a general statute granting prejudgment interest. Id. at 526. Prejudgment interest is generally subject to the court's discretion, with the court consulting state law if it is the source of the underlying claim. Id.; see also In re Caribbean K Line, Ltd., 288 B.R. 908, 921 (S.D. Fla. 2002) (remanding for a determination by the Bankruptcy Court regarding the applicable prejudgment rate of interest). The choice to award prejudgment interest is usually guided by principles of reasonableness and fairness. Caribbean K Line, 288 B.R. at 920.

In In re Coley, 354 B.R. 813, 819 (Bankr. N.D. Tex. 2006), the court allowed prejudgment interest on a nondischargeable debt at the rate determined by a prior state court judgment. Further, "[p]ost-judgment interest [accrued] upon entry of judgment by this Court at the federal judgment rate." Id. In In re Cassel, 322 B.R. 363, 377 (Bankr. C.D. Ill. 2005), the court found the plaintiffs were entitled to prejudgment interest on a nondischargeable debt under Illinois law at 5% per annum starting at a time determined by a Letter of Intent. Post-judgment interest was allowed at the rate specified in 28 U.S.C. § 1961. Id.

3

Under Iowa law, interest accrues on a judgment pursuant to Iowa Code sec. 535.3. <u>Hunt v. Kinney</u>, 478 N.W.2d 624, 625 (Iowa 1991). That statute incorporates Iowa Code sec. 668.13 which states interest on a judgment accrues from the date of the commencement of the action, and is calculated at the contract rate, if applicable, or otherwise by reference to the federal reserve one-year treasury rate. Iowa Code § 535.3.

## ANALYSIS

The parties' contract provides for attorney fees in the event of a default. The Court accepted Plaintiffs' calculation of attorney fees in awarding breach of contract damages against Advanced Custom Builders. Damages awarded against Jeffrey Noack, however, are based on misrepresentation under § 523(a)(2)(A), which is separate from the breach of contract claim. No statute allows attorney fees in actions to except debt from discharge for misrepresentation. Also, ongoing or future attorney fees are not part of the judgment.

The parties' contract herein provides for interest at 18% in the event of default. The Court, however, considers principles of reasonableness and fairness in determining the appropriate rate of pre-judgment interest. Compared to the current market interest rates, the contract default rate of 18% is unreasonable. Rather, the Court, in its discretion, will award pre-judgment interest at the same rate as post-judgment interest beginning the date the Complaint was filed, or July 13, 2010. The interest rate for both the breach of contract damages against Advanced Custom Builders and the misrepresentation damages against Jeffrey Noack is governed by 28 U.S.C. § 1961.

**WHEREFORE**, the Motion for Order Nunc Pro Tunc is GRANTED IN PART.

**FURTHER,** Plaintiffs are entitled to interest on their judgments pursuant to 28 U.S.C. § 1961, beginning on the date the Complaint was filed, July 13, 2010, and continuing until the judgment is satisfied.

**FURTHER**, the remainder of Plaintiffs' Motion for Order Nunc Pro Tunc is DENIED.

Dated and Entered:

September 27, 2011

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE